# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | Case No. 21-CR-154 (RJL) |
| v. : | |
| : | |
| WILMAR JEOVANNY : | |
| MONTANO ALVARADO, : | |
| : | |
| **Defendant.** : | |

## JOINT RESPONSE TO COURT'S MINUTE ORDER

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, and counsel for the defendant, Wilmar Jeovanny Montano Alvarado, hereby file this response to the Court's Minute Order of July 17, 2024, which directs the parties to inform the Court how the Supreme Court's decision in *Fischer v. United States*, 144 S. Ct. 2176 (2024) affects this case, and to propose dates for a status conference (if necessary) and sentencing.

On October 24, 2023, the Court found the defendant guilty of the following counts: Count One, 18 U.S.C. § 231(a)(3); Count Two, 18 U.S.C. § 1512(c)(2); Count Three, 18 U.S.C. § 111(a); Count Four, 18 U.S.C. § 1752(a)(1); Count Five, 18 U.S.C. § 1752(a)(2); Count Six, 40 U.S.C. § 5104(e)(2)(D); and Count Seven, 40 U.S.C. § 5104(e)(2)(E).

On June 28, 2024, the Supreme Court issued its opinion in *Fischer*, which held that Section 1512(c)(2) does not cover "all means of obstructing, influencing, or impeding any official proceeding." *Fischer*, 144 S. Ct. at 2185. The Court held that, to prove a violation of Section 1512(c)(2), the government must establish that the defendant impaired the availability or integrity for use in an official proceeding of records, documents, objects, or other things used in the proceeding—such as witness testimony or intangible information—or that the defendant attempted to do so. *Id.* at 2186, 2190.

1

Given the long pendency of this case, especially the length of time since the defendant's conviction in October 2023, the government seeks to proceed to sentencing as expeditiously as possible. Furthermore, given the Court's felony convictions of the defendant on Count One and Count Three, and the established record in this case, the government believes that it is in the interest of justice and judicial economy that the government dismiss Count Two and proceed to sentencing on the remaining counts. Accordingly, the government hereby declares its intention to move to dismiss Count Two at the sentencing hearing.

Additionally, it is the defendant's position that Count Three of the indictment must also be set aside.  In summary, the defendant believes that the evidence presented by the Government to sustain the assault conviction suffers from a structural defect post *Fischer*. To convict for a felony of assaultive conduct, 18 U.S.C. § 111(a)(1) requires that the prosecution prove beyond a reasonable doubt that the defendant executed the assault **with** the intent to commit another felony, which, by necessity, references to Count Two.[1]  Specifically, the assaultive conduct referenced in 18 U.S.C. § 111(a)(1) is also the obstructive conduct referenced in Count One.  That is, the assault must occur prior to the obstructive conduct for the defendant to be prosecuted for Count One.

In sum, the defendant believes that Count Three requires a separate, distinct intent to commit a different felony than the assault. In this case, the different felony was Count Two. With its dismissal, the element of intent to commit another felony cannot be satisfied by the Government, since the Government must present an additional scienter element; that the

---

[1] The government objects to this summary as incomplete. 18 U.S.C. § 111(a)(1) carries with it an enhanced penalty "where such acts involve physical contact with the victim of that assault or the intent to commit another felony, . . . or both."

defendant executed the assault with the intent to commit another felony. The Government must prove both act and state of mind, and cannot assume a paradoxical inference, that an act proves intent, or that the intent demonstrates the act. If, the predicate offense does not longer exist, the additional scienter element cannot be formed, either.

The government disagrees with defense's argument, because the Supreme Court's decision in *Fischer* does not impact the defendant's assault conviction under Count Three. The parties are prepared to submit briefing on this issue upon the Court's request.

Finally, pursuant to the Court's Minute Order, the parties have conferred and respectfully propose that sentencing be held on one of the following dates: October 12-25 or October 28-30, 2024.[2]

                    Respectfully submitted,

                    MATTHEW M. GRAVES
                    United States Attorney
                    D.C. Bar Number 481052

                    */s/* Ashley Akers
                    ASHLEY AKERS
                    MO Bar #69601
                    Trial Attorney
                    Detailed to the United States Attorney's Office
                    601 D Street, N.W.
                    Washington, DC 20530
                    (202) 353-0521
                    Ashley.Akers@usdoj.gov

---

[2] The parties can propose additional availability subject to the Court's schedule.