**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>vs.<br><br>WILMAR MONTANO-ALVARADO<br><br>Defendant | USDC Case: 21-0154(RJL) |

**MOTION FOR RECONSIDERATION OF
SEPTEMBER 12, 2024 MINUTE ORDER**

**TO THE HONORABLE RICHARD J. LEON,
SENIOR UNITED STATES DISTRICT JUDGE
FOR THE DISTRICT OF COLUMBIA:**

  **COMES NOW the appearing defendant**, Wilmar Montano-Alvarado, through the undersigned counsel who, very respectfully, **STATES** and **PRAYS** as follows**:**

INTRODUCTION

  This Honorable Court's interpretation on its September 12th 2024 minute order, is, of course, accurate. 18 USC § 111(a)(1) can result in an enhanced felony conviction through two (2) separate avenues, to wit: (1) an assault that entails physical contact with the victim; or, alternatively, by (2) engaging in the assault with the intent to commit another felony. It is also true, that this Honorable Court undoubtedly determined that Mr. Montano-Alvarado made

1

physical contact with police in the lower west terrace entrance to the Capitol Building.  Under that premise, this Honorable Court emphasized that Mr. Montano-Alvarado's felony conviction did not rely on a finding of the latter, but on a factual reliance on the former.  There is a constitutional problem with that analysis, however: the Government did not charge Mr. Montano-Alvarado with both alternatives of felony assault set forth in 18 USC § 111(a)(2).  Thus, this Honorable Court's determination establishing that his felony conviction under Count Three of the Second Superseding Indictment is legally barred, as it would constitute a constructive amendment of Count Three of the Indictment.

Specifically, Count Three alleges that Mr. Montano-Alvarado, "did forcibly assault, resist, oppose, impede, intimdate, and interfere with an officer and employee of the United States, and of any branch of the United States Government (including any member of theuniformed services), and any person assisting such an officer and employee, while such person was engaged in and on account of the performance of official duties, and **where the acts in violation of this section involve the intent to commit another felony**.  *See DE 30* at p. 2.  The Government did not allege the alternative modality of felonious assault that this Honorable Court found as proven beyond a reasonable doubt.  That is, the Government did not present to the Grand Jury – or was not authorized to prosecute under such premise – the theory that defendant committed a felony assault by making physical contact with a victim.

2

As a result – and accepting as accurate the factual finding by this Honorable Court regarding Mr. Montano-Alvarado's contact with victims – the element of physical contact as an aggravated assault was not alleged in the Indictment. Pursuant to relevant case law, this Honorable Court cannot constructively amend – or vary – the Indictment to justify a felony conviction on a theory the prosecution did not charge. In this case, the Government made a charging decision. It decided to prosecute on a different alternative of felony assault.

As this Honorable Court mentioned in its minute, its ruling did not rest on the alternative theory the Government indicted. Accordingly, this Honorable Court must sentence the defendant to a maximum of one (1) year of imprisonment on Count Three of the Indictment, as the enhanced penalty option the Government chose to prosecute on was not proven beyond a reasonable doubt, and the modality this Honorable Court deemed as proven was not charged.

**FACTUAL BACKGROUND**

Wilmar Montano-Alvarado was indicted on several counts related to the January 6, 2021, incident at the United States Capitol. Count Three of the First and Second Superseding Indictments charged Mr. Montano-Alvarado with infringing 18 U.S.C. §111(a)(1). Specifically, the government alleged that

> On or about January 6, 2021, within the District of Columbia, WILMAR JEOVANNY MONTANO ALVARA.DO, did forcibly assault, resist, oppose, impede, intimidate, and interfere with, an officer and employee of the United States, and of any branch of the United States Government (including any member of the uniformed services), and any person assisting such an officer and employee, while such person was engaged in and on account of the performance of official duties, and where the acts in violation of this section involve the intent to commit another felony.

*See DE 30,* at p. 2. **We must emphasize that the Government superseded the indictment on two separate occasions, namely, DE 20 and 30, and did not include the physical contact modality as an alternative to secure an enhanced penalty against Mr. Montano-Alvarado**.

Following the trial, this Honorable Court held a hearing on October 24, 2023, to announce its judgment. As to Count Three of the Second Superseding Indictment, this Honorable Court determined that to secure a conviction, the Government had to prove beyond a reasonable doubt that:

> That the defendant assaulted, resisted, opposed, impeded, intimidated, or interfered with a federal official; That the defendant did such acts forcibly; That the defendant did such acts voluntarily and intentionally; That the person assaulted, resisted, opposed, impeded, intimidated, or interfered with was an officer or an employee of the United States who was then engaged in the performance of their official duties or was assisting officers of the United States who were then engaged in the performance of their official duties; And five, that the acts involved physical contact with the victim or the intent to commit another felony.

*See* transcripts of hearing held on October 24, 2023 at p. 8.  Only the fifth element of the enhance 18 USC §111(a)(2) conviction element is in controversy

here.  Upon ruling, this Honorable Court determined that: "as to the fifth element, the Court finds beyond a reasonable doubt that in pushing directly against the police line, Mr. Montano made physical contact with the officers." *Id.* at p. 9. This Honorable Court made no finding that Mr. Montano-Alvarado committed the assault in connection to another felony offense, as alleged in DE 30.

Following the U.S. Supreme Court's ruling in *US v. Fischer,* 144 S.Ct. 2176 (2024), this Honorable Court ordered the parties to file a joint status report on *Fischer's* effect on the case at bar.  *See DE 81*.  Mr. Montano-Alvarado informally advised this Honorable Court as to the structural problem with imposing an enhanced penalty on Count Three. In a succinct response, the Government included a footnote in the filing, highlighting the alternative modalities for an enhanced penalty set forth in 18 U.S.C. §111(a)(2): "The government objects to this summary as incomplete. 18 U.S.C. § 111(a)(1) carries with it an enhanced penalty "where such acts involve physical contact with the victim of that assault or the intent to commit another felony, . . . or both" *See DE 81, p.2 n.1*

This Honorable Court issued a minute order on September 12, 2024, referencing Count Three and what it deemed proved to support its conviction:

> The Court finds that the evidence is sufficient to sustain a conviction on Count Three, contrary to the defendant's arguments. The fifth element of the 18 U.S.C. § 111(a)(1) offense requires the

5

prosecution to prove, beyond a reasonable doubt, that the act involved physical contact with the victim or the intent to commit another felony. I found that Mr. Montano Alvarado made physical contact with police officers in pushing directly against the police line Since the government did not prove the indicted elements beyond a reasonable doubt, this Court's findings are insufficient to sustain a conviction.

Mr. Montano-Alvarado therefore now moves this Honorable Court to reconsider that determination, and convict the defendant to a non-enhanced offense, carrying a maximum term of imprisonment of one year. As will be discussed further, we are not disputing that 18 USC §111(a)(1) provides for two alternatives to secure an enhanced penalty conviction. The problem in this case resides, however, in the Government's prosecutorial decision to pursue a conviction only on the intent to commit another felony offense modality. The Government chose which alternative to present to the Grand Jury. Which alternative to notify the defendant of the elements of the assault charged he faced. The alternative they prosecuted at trial. The physical contact option was not alleged.

Therefore, this Honorable Court cannot constructively amend – or vary – Count Three of the Indictment through the evidence presented at trial to convict the defendant of the enhanced penalty set forth in 18 USC §111(a)(2). As a result, we moved this Honorable Court to reconsider its September 12th, 2024 ruling, and sentenced the defendant to the misdemeanor assault modality of 18 USC §111(a)(1).

## APPLICABLE LAW

The Fifth Amendment "guarantees criminal defendants a right to be tried solely on allegations in an indictment returned by the grand jury." The Constitution guarantees that "[n]o person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury." U.S. Const. amend. V. That requirement is a "basic guarantee of individual liberty," a "barrier to reckless or unfounded charges," and a "shield against arbitrary or oppressive action." *U.S. v. Mandujano*, 425 U.S. 564, 571 (1976). That "basic protection" limits a defendant's "jeopardy to offenses charged . . . independently of either prosecuting attorney or judge*,"* *United States* v. *Saffarinia*, 101 F.4th 933, 941 (D.C. Cir. 2024); *Stirone v. U.S.*, 361 U.S. 212, 218 (1960), and guarantees "fair notice" of charges, *U.S. v. Lawton*, 995 F.2d 290, 292 (D.C. Cir. 1993). Hence, the chief purpose of an Indictment is to apprise the defendant of the specific charges he will be asked to rebut at trial and to protect him against double jeopardy. If the indictment specifies "one particular kind of falsity ... [then] a conviction must rest on that charge." *U.S* v. *Adams*, 778 F.2d 1117, 1125 (5th Cir. 1985).

District of Columbia Circuit case law "recognizes two types of impermissible divergences between indictment and proof." *U.S. v. Jabr*, 4 F.4th 97, 103 (D.C. Cir. 2021); *U.S. v. Lorenzana-Cordon*, 949 F.3d 1, 4 (D.C. Cir. 2020). A constructive amendment, "occurs when the charging terms of the indictment are altered, either literally or in effect, by prosecutor or court after the grand jury has last passed upon them." *Gaither v. U.S.*, 413 F.2d 1061, 1071

7

(D.C. Cir. 1969). Whereas, a variance, "occurs when the charging terms of the indictment are left unaltered, but the evidence offered at trial proves facts materially different from those alleged in the indictment." *Lorenzana-Cordon*, 949 F.3d at 4.

## ARGUMENT

### Mr. Montano-Alvarado was convicted based on an element that was not charged in the indictment, resulting in a constructive amendment.

There is no dispute in this case as to which alternative of the enhanced penalties provisions of 111(a)(2) this Honorable Court found to be proven beyond a reasonable doubt: the physical contact with victim. This Honorable Court determined that element to be proven in its decision on October 24, 2023. The Court further acknowledge in its September 12th, 2024 minute order that its determination of a conviction for an enhanced penalty assault **was not predicated** on evidence of a commission of another felony evidence. Either because Count Three of the indictment was constructively amended, or varied, his enhanced conviction is unconstitutional.

A "court cannot permit a defendant to be tried on charges that are not made in the indictment against him." *Stirone*, 361 U.S. at 217. The ruling on Count Three results in that effect. Both the evidence presented to the grand jury, as well as the indictment's text resulted in a finite, specific charging of a single modality of an enhanced felony assault. Notwithstanding, this Honorable Court convicted the defendant on the alternative enhanced penalty provision, even though it was not included in the charging document.

The Government charged Mr. Montano-Alvarado with violating 18 U.S.C. § 111(a)(1) with the intent to commit another felony. However, the Court's ruling was based solely on a finding of physical contact with the victim. In its allocution, this Honorable Court explicitly stated that it "did not base [the] verdict on the intent to commit another felony." This shift in the basis for conviction directly contradicts the original charge, which emphasized the intent to commit an additional felony.

In *U.S.* v. *Webster*, 102 F.4th 471 (D.C. Cir. 2024), the D.C. Circuit upheld a conviction for violating 18 U.S.C. § 111(a)(1), where the facts closely mirrored those of the current case involving Mr. Montano-Alvarado. Both defendants faced charges related to actions during the January 6, 2021, Trump rally. *Id*. at 477. Webster contended that the district court had constructively amended his indictment, violating his Fifth Amendment rights. *Id*. at 488. The indictment specifically charged him with ""forcibly assault[int] an officer and employee of the United States using a deadly or dangerous weapon, that is, a metal flagpole," and required that the assault "involve[d] physical contact with the victim and the intent to commit another felony."" *Id*. In support of his constructive amendment argument Webster argued that,

> "he never hit Officer Rathbun with the flagpole, and that Officer Rathbun took the flagpole before Webster tackled him. Webster further reasons that, because the district court instructed the jury to find whether Webster made physical contact with Officer Rathbun

9

>with a deadly weapon, the jury must have convicted him for his actions *after* he lost the flagpole. From that, Webster concludes that the district court's added element constructively amended his indictment, which charged conduct that occurred only when he had the flagpole."

*Id*.

The D.C. Circuit rejected this argument, clarifying that the indictment charged Webster with both types of conduct—making physical contact while using a deadly weapon or acting with intent to commit another felony while using such a weapon. *Id*. at 488. The court found no error, asserting that the jury instructions allowing for a conviction based on either theory were appropriate because both theories were explicitly included in the indictment. *Id*.

In contrast to Mr. Montano-Alvarado's circumstances, we highlight a critical distinction from *Webster*: Mr. Montano-Alvarado was charged *exclusively* with "acting with the intent to commit another felony," not with both types of conduct as in *Webster*. Mr. Montano-Alvarado's Indictment is absent any reference of the physical contact enhanced penalty modality. Furthermore, unlike the instructions in *Webster*, the elements that this Honorable Court recited to conclude that Mr. Montano-Alvarado committed an enhanced penalty assault allowed for a conviction predicated on both theories, even though he was only indicted under one. This disconnect between the charge in Count Three and the

elements this Honorable Court referenced before issued its ruling, distinguishes Mr. Montano-Alvarado's from *Webster*.

Similarly, in *U.S. v. Sanders*, the Fifth Circuit reversed a conviction for one count of a superseding indictment due to a constructive amendment. *Sanders*, 966 F.3d at 408. Sanders was charged with violating 18 U.S.C. § 2251, which penalizes "any person who employs, uses persuades, induces, entices or coerces any minor to engage in…, with the intent that such minor engage in, any sexually explicit conduct for the purpose of producing any visual depiction of such conduct." *Id*. at 405.  The statute did not require that the defendant know the ages of the victims, so the district court instructed the jury that the government did not need to prove that Sanders was aware the victims were underage. *Id*. 405-06. However, the indictment itself specifically charged that Sanders "did *knowingly* employ, use, persuade, induce, entice, or coerce two minor females…." *Id*. at 406. The court concluded that Sanders was convicted on a materially different theory or set of facts than that with which he was charged, constituting a constructive amendment. *Id*. at 408. (citing *United States v. McMillan*, 600 F.3d 434, 451 (5th Cir. 2010)).

The facts in this case closely resemble those in *Sanders*, warranting a similar outcome. Under the fifth element of 18 U.S.C. § 111(a)(1), the prosecution must establish either that Mr. Montano-Alvardo's alleged act

involved physical contact with the victim or that there was intent to commit another felony. Consequently, when this Court convicted Mr. Montano-Alvarado of violating §111(a)(1) it did so based on a clear adherence to the terms of the statute. Like the indictment in *Sanders*, the Indictment in this case did not specifically charge the client with the acts for which he was ultimately convicted of a felony with an enhanced penalty. The Indictment explicitly charged Mr. Montano-Alvarado with acting with the intent to commit a felony, not with making physical contact with the victim.

As a matter of constitutional requirement, the Government was obligated to prove the crime as it was charged in the Indictment. *Sanders*, 966 F.3d at 406. However, this Honorable Court's ruling on Count Three based its conviction on an uncharged element. Of relevance, we must highlight that the Government amended the original Indictment not once, but twice, to cure other defects in the language they utilized to notify the defendant of what he was prosecuted for. Since this Honorable Court expressly rejected the notion that the conviction was predicated on the commission of another felony enhanced element, the conviction relies on a materially different statutory theory than what was charged. *Sanders*, 966 F.3d at 408. Consequently, the conviction for an enhanced penalty should be vacated due to this constructive amendment.

In conclusion, the government introduced an additional fifth element, asserting that Mr. Montano-Alvarado acted with the intent to commit another felony, in both the First and Second Superseding Indictment. As established in *Sanders*, a conviction cannot rest on a general violation of a statute; it must be grounded in the specific allegations charged in the indictment. By relying on defendant's factual guilt on the observations that he pushed to the police line making physical contact with the victim this Honorable Court grounded the conviction on the aggravated assault on different terms than those utilized in Count Three.  This constitutes a constructive amendment, as the client was convicted on an element that is not part of the formal charge for aggravated assault. The significant departure from the indictment not only undermines the integrity of the original charge but also prejudices the client's right to defend against the specific allegations made. Therefore, the conviction should be deemed invalid due to this constructive amendment.

Alternatively, if this Honorable Court believes that the distinction between its determination and the Indictment's language is more akin to a variance than a constructive amendment, the result is the same, since he was prejudice by the distinct modalities in discussion The government cannot "recognize[]" the limited scope of its original charge and later claim the charge

was broader when it "neglected" to "amend[]" the charge "to include" broader allegations. *U.S. v. Milstein*, 401 F.3d 53, 65 (2nd Cir. 2005).

When a variance " 'affect[s] the substantial rights' of the accused," reversal is required. *Berger v. U.S.*, 295 U.S. 78, 82 (1935). The prejudicial-variance rule recognizes that the right to a Grand Jury safeguard "due process," *U.S. v. Jackson*, 627 F.2d 1198, 1212 (D.C. Cir. 1980). It assures defendants fair notice "of the nature and cause of the accusation" against him. Therefore, a variance unconstitutionally impairs the defendant's rights when it "mislead[s] him as to the charges against him," "imped[es] preparation of his defense," or otherwise results in an unfair trial. *US v. Mangieri*, 694 F.2d 1270, 1278 (D.C. Cir. 1982); *Berger*, 295 U.S. at 82 (lack of notice); *Gaither* 413 F.2d at 1071-72 (D.C. Cir. 1969) (same).

At no point during the prosecution of this case the Government formally notified Mr. Montano-Alvarado that it pretended to seek the enhance assault penalty under the premise that he made physical contact with a victim. By convicting under the alternative premise that was never alleged, the variance became irredeemably prejudicial because the indictment "failed to inform" or "affirmatively misled" the defendant about the charges to be tried. *U.S v. Dellosantos*, 649 F.3d 109, 125 (1st Cir. 2011) (lack of notice prejudicial because deprives defendant of "ability to prepare a defense").

14

Had the government amended the indictment to announce their intent to prosecute on the physical contact modality, Mr. Montano-Alvarado defense would have been different. Where the defendant "might well have chosen" a different strategy--as here--prejudice exists. *U.S. v. Marolda*, 615 F.2d 867, 871-72 (9th Cir. 1980). In sum, Mr. Montano-Alvarado's ability to prepare his defense was "materially" hindered because he never received constitutionally adequate notice of the enhanced penalty modality this Honorable Court convicted him on.

As previously mentioned, the government did amend the Indictment – twice – to cure other deficiencies. Yet, it made no substantive changes to the § 111(a)(1)-(2) count. The Government decided to pursue a single modality of the enhanced penalty assault. At no point it provided any indication that intended to amend the indictment to proceed on the physical contact option. Their procedural conduct left no doubt that they intended to prosecute the defendant only on the intent to commit another felony modality. The Government incurred in a prosecutorial decision. A decision that carries consequences for their case as well.

**WHEREFORE,** and for the reasons expressed herein, the appearing defendant respectfully requests that this Honorable Court reconsiders its September 12th, 2024 minute order, and deem the defendant convicted of a

misdemeanor on Count Three of the Indictment. Moreover, we respectfully request that this Honorable Court order the US Probation Office to amend the Presentence Report to reflect the corresponding changes.

**RESPECTFULLY SUBMITTED**

In Houston, Texas, this 27th day of September, 2024.

**PHILIP G. GALLAGHER**
Interim Federal Public Defender
Southern District of Texas No. 566458
New Jersey State Bar No. 2320341

By /s/ Alex Omar Rosa-Ambert
**ALEX OMAR ROSA-AMBERT**
Assistant Federal Public Defender Attorney-in-Charge
Puerto Rico State Bar ID No. 15048
Southern District of Texas No. 3644073
**HEATHER MICHELLE HUGHES**
Texas State Bar ID. No. 24116543 Southern District of Texas No. 3473328 Attorneys for Defendant
440 Louisiana, Suite 1350
Houston, Texas 77002-1056
Telephone: 713.718.4600
Fax: 713.718.4610
alex_rosa-ambert@fd.org
heather_hughes@fd.org

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on this date, I electronically filed an exact copy of the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the parties of record, or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing**.**

Case 1:21-cr-00154-RJL   Document 82   Filed 09/27/24   Page 18 of 18